UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | |
|---|---|
| TONY H.,[1] | : Case No. 3:20-cv-278 |
| | : |
| Plaintiff, | : Magistrate Judge Peter B. Silvain, Jr. |
| | : (by full consent of the parties) |
| vs. | : |
| | : |
| COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, | : |
| | : |
| | : |
| Defendant. | : |

**DECISION AND ENTRY**

Plaintiff Tony H. brings this case challenging the Social Security Administration's denial of his applications for period of disability, Disability Insurance Benefits, and Supplemental Security Income. The case is before the Court upon Plaintiff's Statement of Errors (Doc. #13), the Commissioner's Memorandum in Opposition (Doc. #16), and the administrative record (Doc. #10).

**I.**  **Background**

The Social Security Administration provides Disability Insurance Benefits and Supplemental Security Income to individuals who are under a "disability," among other eligibility requirements. *Bowen v. City of New York*, 476 U.S. 467, 470 (1986); *see* 42 U.S.C. §§ 423(a)(1), 1382(a). The term "disability" encompasses "any medically determinable physical or mental

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts should refer to plaintiffs only by their first names and last initials. *See also* S.D. Ohio General Rule 22-01.

impairment" that precludes an applicant from performing "substantial gainful activity." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); *see Bowen*, 476 U.S. at 469-70.

In the present case, Plaintiff applied for benefits on August 7, 2016, alleging disability due to bladder cancer. (Doc. #10, *PageID* #557). After Plaintiff's applications were denied initially and upon reconsideration, he requested and received a hearing before Administrative Law Judge (ALJ) Kevin R. Barnes. The ALJ concluded he was not eligible for benefits because he was not under a "disability" as defined in the Social Security Act. *Id.* at 306-23. The Appeals Council granted Plaintiff's request for review, vacated ALJ Barnes' decision, and remanded the case to an ALJ for resolution of several issues. *Id.* at 326-28. Upon remand, ALJ Barnes held a second hearing and issued a written decision, addressing each of the five sequential steps set forth in the Social Security Regulations. *See* 20 C.F.R. §§ 404.1520, 416.920.[2] He reached the following main conclusions:

| | |
|---|---|
| Step 1: | Plaintiff has not engaged in substantial gainful activity since December 9, 2016. |
| Step 2: | Plaintiff has the following severe impairments: status post recurrent Grade TA bladder cancer; multi-level degenerative disc disease of the thoracic, cervical, and lumbar spine; lumbar and cervical spine radiculopathy; cervicalgia; arthropathy; bilateral carpal tunnel syndrome; diabetes mellitus; and migraine headaches. |
| Step 3: | Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one in the Commissioner's Listing of Impairments, 20 C.F.R. Part 404, Subpart P, Appendix 1. |
| Step 4: | His residual functional capacity (RFC), or the most he could do despite his impairments, *see Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 239 (6th Cir. 2002), consisted of "light work … subject to the following limitations: (1) never climb ladders, ropes, or scaffolds, or crawl; (2) occasionally climb |

---

[2] The remaining citations will identify the pertinent Disability Insurance Benefits Regulations with full knowledge of the corresponding Supplemental Security Income Regulations.

                ramps and stairs, balance, stoop, crouch, or kneel; (3) occasionally handle, finger, and feel bilaterally; and (4) avoid hazardous machinery and unprotected heights."

Step 4:      Plaintiff is capable of performing his past relevant work as a hardware store salesperson. This work does not require the performance of work-related activities precluded by Plaintiff's RFC.

(Doc. #10, *PageID* #s 52-59). Based on these findings, the ALJ concluded that Plaintiff has not been under a benefits-qualifying disability since December 9, 2016. *Id.* at 59.

The evidence of record is adequately summarized in the ALJ's decision (Doc. #10, *PageID* #s 52-56), Plaintiff's Statement of Errors (Doc. #13), and the Commissioner's Memorandum in Opposition (Doc. #16). To the extent that additional facts are relevant, they will be summarized in the discussion section below.

**II.**    <u>**Standard of Review**</u>

Judicial review of an ALJ's decision is limited to whether the ALJ's finding are supported by substantial evidence and whether the ALJ applied the correct legal standards. *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (citing *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)); *see Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 745-46 (6th Cir. 2007). Substantial evidence is such "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 722 (6th Cir. 2014) (citing *Rogers v. Comm'r of Soc. Sec.,* 486 F.3d 234, 241 (6th Cir.2007)). It is "less than a preponderance but more than a scintilla." *Id.*

The second judicial inquiry—reviewing the correctness of the ALJ's legal analysis—may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). Under this review, "a decision

of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746 (citing *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 546-47 (6th Cir. 2004)).

**III.** **Discussion**

Plaintiff asserts that the ALJ did not properly summarize and failed to fully discuss the opinion of Rohn Kennington, M.D.[3] (Doc. #13, *PageID* #s 1118-20). As a result, Plaintiff argues, the ALJ erred in assessing his residual functional capacity. The Commissioner maintains that substantial evidence supports the ALJ's decision. (Doc. # 16).

Dr. Kennington examined Plaintiff on December 10, 2018. (Doc. #10, *PageID* #s 984-90). He diagnosed aggressive bladder cancer—currently managed with regular follow-up and oral chemotherapy; chronic neck and back pain due to degenerative disc disease and scoliosis; diabetes mellitus (type II); hyperlipidemia; and migraine headache disorder. *Id.* at 986.

Dr. Kennington noted that, upon examination, Plaintiff ambulated with a normal gait. *Id.* at 985. He was able to transfer from sitting to standing, and onto and off the examination table, without difficulty. *Id*. Plaintiff exhibited a full range of motion with pain throughout the arcs of range of motion in his neck and lower back regions. *Id.* at 985, 989-90. He exhibited diffuse tenderness to palpation over the paraspinal musculature of his cervical and thoracolumbar spine regions. *Id.* Strength testing revealed 5/5 testing for all major muscle groups. *Id.* at 985, 987.

---

[3] Additionally, Plaintiff contends that the ALJ failed to properly evaluate the vocational expert's testimony and incorrectly relied on an RFC that did not properly consider the impact that Plaintiff's off-task behavior and monthly absences. (Doc. #13).

Fine motor coordination was within normal limits. *Id.* at 986. Straight leg raise testing was negative bilaterally to sixty degrees in the supine position. *Id.*

In the narrative portion of his report, Dr. Kennington opined that Plaintiff could "still perform light lifting, carrying, pushing, and pulling." *Id.* at 986. Further, "Sitting, standing, and walking would need to be limited to brief periods of time, no more than 20 minutes at a time, with adequate periods of time allowed for rest and change of position, considering his chronic neck and lower back issues." *Id.*

In the appendix to his report, Dr. Kennington indicated that Plaintiff could only occasionally lift and/or carry up to ten pounds. *Id.* at 991. He could never lift and/or carry more than ten pounds. He could sit for one hour at a time for a total of two hours in an eight-hour workday. *Id.* at 992. He could stand for thirty minutes at a time for a total of one hour, and he could walk for thirty minutes for a total of one hour. *Id.* Dr. Kennington indicated that Plaintiff would need to "lay down" for the remaining four hours of an eight-hour workday. *Id.* Plaintiff could occasionally reach, handle, finger, feel, push/pull, and operate foot controls. *Id.* at 993. Additionally, he could occasionally balance, stoop, kneel, crouch, crawl, and climb ramps and stairs. *Id.* at 994. He could never climb ladders or scaffolds. *Id.* He can occasionally tolerate exposure to unprotected heights, moving mechanical parts, operating a motor vehicle, humidity and wetness, extreme heat, and vibrations. *Id.* at 995. He should never be exposed to extreme cold. *Id.*

The ALJ found that Dr. Kennington's opinions were "somewhat persuasive." *Id.* at 55. He explained, "Dr. Kennington based his opinions on his examination of [Plaintiff], his testing of [Plaintiff], objective findings, his expertise, and his program knowledge." *Id.* The ALJ agreed

5

with Dr. Kennington that Plaintiff was "limited to light exertional work based upon his mild DDD [degenerative disc disease] and especially his history of blood in the urine following heavy exertion." *Id.* at 56. However, the ALJ found that Dr. Kennington's examination did not support his other opined limitations. *Id.* He noted several of Dr. Kennington's normal findings. For example, Plaintiff ambulated with a normal gait and showed no signs of radiculopathy. Further, the ALJ explained, examinations by Plaintiff's neurosurgeon do not support Dr. Kennington's recommended limitations. *Id.* For instance, one month prior to Dr. Kennington's exam, Plaintiff's neurosurgeon noted a normal exam without signs of radiculopathy or myelopathy.

Although the ALJ found Dr. Kennington's opinion to be "somewhat persuasive," he did not include several of Dr. Kennington's opined limitations in Plaintiff's RFC. Indeed, he appears to have ignored or overlooked several of Dr. Kennington's opinions. For example, the ALJ did not address Dr. Kennington's opinion that Plaintiff could sit for one hour at a time for a total of two hours in an eight-hour workday; could stand for thirty minutes at a time for a total of one hour; and could walk for thirty minutes for a total of one hour. *Id.* at 992. Moreover, the ALJ did not address Dr. Kennington's opinion that Plaintiff would need "adequate periods of time allowed for rest and change of position." *Id.* at 896.

Furthermore, despite the ALJ agreeing with Dr. Kennington that Plaintiff could perform light work, it does not appear that the ALJ and Dr. Kennington agree on the definition of "light work." Under the Regulations, "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." 20 C.F.R. § 404.1567. But this is not consistent with Dr. Kennington's opinion that Plaintiff could only occasionally lift and/or

carry up to ten pounds occasionally and could never lift or carry eleven or more pounds. (Doc. #10, *PageID* #991).

Further, the ALJ only provided general reasons for rejecting Dr. Kennington's opinions. *Id.* at 56. He failed to specify with sufficient particularity, which of Dr. Kennington's finding he is rejecting and the basis of why he is rejecting them. An ALJ has an obligation to "meaningfully explain why certain limitations are not included in the RFC determination, especially when such limitations are set forth in opinions the ALJ weighs favorably." *Ryan*, 307 F. Supp. 3d at 803; *see also*, *Queen v. Comm'r of Soc. Sec.*, No. 2:16-cv-1082, 2017 WL 6523296, at *9-10 (S.D. Ohio Dec. 21, 2017) (Preston Deavers, M.J.) (remanding where the ALJ "failed to include at least one limitation" from an opinion he had assigned great weight without explaining the omission). Furthermore, by failing to explain why certain limitations were not incorporated into the RFC, an ALJ prevents the reviewing court from conducting a meaningful review to determine whether substantial evidence supports his decision. *See Reynolds v. Comm'r of Soc. Sec.*, 424 F. App'x 411, 414 (6th Cir. 2011) (noting that an ALJ's decision "must include a discussion of 'findings and conclusions, and the reasons or basis therefor, on all the material issues of fact, law, or discretion presented on the record.'" (quoting 5 U.S.C. § 557(c)(3)(A))); *Allen v. Astrue*, No. 5:11-cv-95, 2012 WL 1142480, at *8 (N.D. Ohio April 4, 2012) (remanding where "the ALJ failed to properly articulate the RFC calculation," explaining that the court was "unable to trace the path of the ALJ's reasoning").

In short, remand is warranted in this case because ALJ Barnes found Dr. Kennington's opinions to be somewhat persuasive but failed to explain which he rejected and their impact on his RFC findings.

7

Accordingly, for the above reasons, Plaintiff's Statement of Errors is well taken.[4]

A remand is appropriate when the ALJ's decision is unsupported by substantial evidence or when the ALJ failed to follow the Administration's own regulations and that shortcoming prejudiced the plaintiff on the merits or deprived the plaintiff of a substantial right. *Bowen*, 478 F.3d at 746. Remand may be warranted when the ALJ failed to provide "good reasons" for rejecting a treating medical source's opinions, *see Wilson*, 378 F.3d at 545-47; failed to consider certain evidence, such as a treating source's opinions, *see Bowen*, 478 F.3d at 747-50; failed to consider the combined effect of the plaintiff's impairments, *see Gentry*, 741 F.3d at 725-26; or failed to provide specific reasons supported by substantial evidence for finding the plaintiff lacks credibility, *see Rogers*, 486 F.3d at 249.

Under sentence four of 42 U.S.C. § 405(g), the Court has authority to affirm, modify, or reverse the Commissioner's decision "with or without remanding the cause for rehearing." *Melkonyan v. Sullivan*, 501 U.S. 89, 99 (1991). Consequently, a remand under sentence four may result in the need for further proceedings or an immediate award of benefits. *E.g., Blakley*, 581 F.3d at 410; *Felisky v. Bowen*, 35 F.3d 1027, 1041 (6th Cir. 1994). The latter is warranted where the evidence of disability is overwhelming or where the evidence of disability is strong while contrary evidence is lacking. *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994).

A judicial award of benefits is unwarranted in the present case because the evidence of disability is not overwhelming and the evidence of disability is not strong while contrary evidence

---

[4] In light of the above discussion, and the resulting need to remand this case, an in-depth analysis of Plaintiff's other challenges to the ALJ's decision is unwarranted.

is lacking. However, Plaintiff is entitled to have this case remanded to the Social Security Administration pursuant to sentence four of § 405(g) due to the problems discussed above. On remand, the ALJ should be directed to evaluate the evidence of record, including the medical source opinions, under the applicable legal criteria mandated by the Commissioner's Regulations and Rulings and by case law; and to evaluate Plaintiff's disability claim under the required five-step sequential analysis to determine anew whether Plaintiff was under a disability and whether his applications for Disability Insurance Benefits and Supplemental Security Income should be granted.

**IT IS THEREFORE ORDERED THAT**:

1. Plaintiff's Statement of Errors (Doc. # 13) is **GRANTED**;

2. The Commissioner's non-disability finding is vacated;

3. No finding is made as to whether Plaintiff was under a "disability" within the meaning of the Social Security Act;

4. This matter is **REMANDED** to the Social Security Administration under sentence four of 42 U.S.C. § 405(g) for further consideration consistent with this Decision and Entry; and

5. The case is terminated on the Court's docket.

March 10, 2022                                                                 *s/Peter B. Silvain, Jr.*
                                                                                              Peter B. Silvain, Jr.
                                                                                              United States Magistrate Judge